IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY TARKINGTON,
ADC #85550                                                                                  PLAINTIFF

V.                          CASE NO. 5:16-CV-00324 BSM/BD

DANNY BURL, et al.                                                                       DEFENDANTS

RECOMMENDED DISPOSITION

I.      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.     **Discussion:**

Plaintiff Johnny Tarkington is an inmate currently housed at the Tucker Maximum Unit of the Arkansas Department of Correction ("ADC"). In his complaint and amended complaint, he claims that Defendants failed to protect him in violation of his constitutional rights.[1] (Docket entries #1 and #2)

---

[1] Mr. Tarkington's other claims have been dismissed. (#16, #26)

The Defendants have now moved for summary judgment on the issue of exhaustion.  (#31)  Mr. Tarkington has responded.  (#41)

A.   Exhaustion

The Prison Litigation Reform Act requires the Court to dismiss any claim that was not fully exhausted prior to the filing of a civil lawsuit under 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").  Furthermore, an inmate's subjective beliefs regarding exhaustion are irrelevant in determining whether administrative procedures are available.  See *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

B.   Facts

While Mr. Tarkington was incarcerated at the Tucker Maximum Security Unit, inmate Hays attacked him on August 17, 2016.  (#2)  Mr. Tarkington alleges that Defendants Burl, Stout, and Spears failed to maintain adequate security when they knowingly allowed one officer to watch four barracks and thereby failed to protect him.

(#2, #15)

Mr. Tarkington appealed three grievances from the date of the attack until the day he filed his lawsuit. (#31-2) Defendants Stout and Spears are not identified in any of the three grievances. (#31-5) Defendant Burl is identified in two of the grievances– MX-16-2157 and MX-16-2063. (#31-5)

In grievance MX-16-2157, Mr. Tarkington asked why inmate Hays had not been charged for assaulting him: "My complaint is against Warden Danny Burl . . . I want to no[sic] why inmate Roosevelt Hays was not or has not been charged . . . ." (#31-3)

In grievance MX-16-2063, Mr. Tarkington asked that a video of the attack be preserved: "My complaint is to notify Warden Burl . . . with the concern about the [video tape] . . . and the [shank]. . . . This is to make sure that the [video tape] and the hand made shank [are not destroyed] or [come up missing.] [T]hat way if I do decide to [file a lawsuit], then I will have [clear evidence] due to my filing this grievance. . . . I was the person attacked and [stabbed] and could of [sic] lost my life because no security in the barracks." (#31-4)

Mr. Tarkington argues that his reference to the lack of security officers in grievance MX-16-2063 was sufficient for purposes of the exhaustion requirement. (#41) The request in grievance MX-16-2063, however, was concerned with preserving video evidence, and did not include a complaint that Defendant Burl or any of the Defendants failed to protect him. In fact, the ADC rejected grievance MX-16-2063 as grieving an

anticipated event, that is, the failure to preserve evidence. (#31-4) Mr. Tarkington appealed the rejection, as follows: "My grievance is about making sure that the security video tape and the home made shank that was used on me when inmate Hays [stabbed] me in the back 8-17-2016 does not come up missing." Clearly, the purpose of this grievance was to put ADC officials on notice of their obligation to preserve evidence.

Mr. Tarkington's reference to security problems in grievance MX-16-2063 is not sufficient to put these Defendants on notice of the claims he raises against them in this lawsuit; that is, that they failed to assign enough staff to ensure inmate safety. See *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81-89-91 (2006)(The purpose of the exhaustion requirement includes allowing a prison to address complaints about the program it administers before being subjected to suit.) Accordingly, Mr. Tarkington did not exhaust his administrative remedies as to failure-to-protect claims against these Defendants.

### III. Conclusion:

The Court recommends that Defendants' motion for summary judgment on the issue of exhaustion (#31) be GRANTED. Mr. Tarkington's lawsuit should be DISMISSED, without prejudice.

DATED, this 28th day of February, 2017.

                                                                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE